**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE
2026 MAR 19  AM 11: 47
U.S.
DISTRICT OF MASS.

---

KENNY VERLUS,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.

                    Civil Action No.: _____

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kenny Verlus alleges as follows against Defendant Experian Information Solutions, Inc. ("Experian"):

## INTRODUCTION

1. This is an action for statutory, actual, and punitive damages arising from Defendant Experian's multiple violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Experian is one of the three largest consumer reporting agencies in the United States. It collects, compiles, and distributes consumer credit information to creditors, landlords, employers, and other third parties who rely on that information to make financial decisions that directly affect consumers. Congress enacted the FCRA to ensure that

- 1 -

consumer reporting agencies operate with fairness, impartiality, and respect for consumers' right to accurate credit information. 15 U.S.C. § 1681(a).

3. Experian violated the FCRA by: (a) reporting a charged-off Barclays Bank Delaware account with an inflated and increasing balance that exceeds the amount written off, constituting improper post-charge-off fee reporting and re-aging of a derogatory tradeline; (b) reporting a charged-off Teachers Federal Credit Union account with a balance that continues to update on a closed account, reflecting inaccurate and misleading data; (c) failing to maintain reasonable procedures to assure the maximum possible accuracy of information reported in Plaintiff's consumer file; (d) failing to conduct a reasonable reinvestigation of disputed information; (e) failing to delete or correct inaccurate, incomplete, or unverifiable information after reinvestigation; (f) continuing to report an active dispute notation on Plaintiff's GM Financial account after the investigation was completed and reported by the data furnisher; and (g) failing to provide Plaintiff with a clear and accurate disclosure of all information in Plaintiff's consumer file as required by 15 U.S.C. § 1681g(a).

4. These violations have directly and proximately caused Plaintiff concrete harm, including a FICO Score of 566, which Experian's own report characterizes as a score that "demonstrates to lenders that you are a risky borrower," denial and limitation of credit opportunities, emotional distress, and significant out-of-pocket losses.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which provides that any action under the FCRA may be brought in any appropriate United States district court without regard to the amount in controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this judicial district and because a substantial part of the events and omissions giving rise to the claims in this action occurred here, including Experian's furnishing of Plaintiff's inaccurate consumer report to third parties in connection with credit transactions in this district.

## PARTIES

7. Plaintiff Kenny Verlus is a natural person and a resident of the Commonwealth of Massachusetts. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is a corporation organized under the laws of the state of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian compiles and maintains files on consumers on a nationwide basis as defined in 15 U.S.C. § 1681a(p), and it regularly furnishes consumer reports to third-party users. Experian is subject to all duties and obligations imposed by the FCRA.

## FACTUAL ALLEGATIONS

**The Credit Report**

9. On or about March 18, 2026, Plaintiff obtained a copy of Plaintiff's Experian consumer credit report ("the Report"). The Report was generated using Experian data as of March 18, 2026, and reflects a FICO Score 8 of 566, which Experian itself characterizes as a score that demonstrates to lenders that Plaintiff is a risky borrower.

10. The Report reflects the following account summary: 1 open account, 4 accounts ever late, and a total debt of $18,653. The Report reflects multiple inaccurate, misleading, and unverifiable tradelines as described in detail below.

**The Barclays Bank Delaware Charged-Off Account: Re-Aging and Inflated Balance**

11. The Report reflects a Barclays Bank Delaware credit card account, partial account number 000303XXXXX, opened January 27, 2018, closed July 2022, with a status of: "Account charged off. $4,929 written off. $6,236 past due as of Mar 2026."

12. The balance on the Barclays account is listed as $6,236, with a balance update date of March 1, 2026. The highest balance is listed as $6,236. The past due amount is listed as $6,236.

13. Critically, Experian reports that $4,929 was "written off" on this account, yet the balance reported as currently past due is $6,236 -- a figure that exceeds the written-off amount by $1,307. This discrepancy indicates that Experian or Barclays is reporting post-charge-off interest, fees, or other charges accrued after the account was charged off and closed in July 2022.

14. The reporting of post-charge-off fees and interest as part of an outstanding balance on a charged-off account that has been closed for nearly four years is inaccurate and misleading. A charged-off account reflects that the creditor wrote off the debt as a loss. Continuing to update the balance upward and reporting an increasing past-due amount on

a closed charged-off account misrepresents the nature and amount of the alleged obligation and constitutes re-aging of the derogatory tradeline.

15. The Barclays tradeline reflects 47 potentially negative months and a continuous charge-off status stretching from July 2022 through March 2026, with the balance being updated as recently as March 1, 2026, despite the account being closed and charged off. The ongoing monthly reporting of this account with an inflating balance constitutes inaccurate reporting in violation of the FCRA.

16. The Report also reflects the comment: "Completed investigation of FCRA dispute - consumer disagrees." This notation confirms that Plaintiff previously disputed this account with Experian, that Experian processed the dispute, and that the dispute was not resolved to Plaintiff's satisfaction. Despite having been placed on notice through this dispute process that the accuracy of the Barclays tradeline was contested, Experian continued to report the inaccurate and inflated balance without correction.

**The Teachers Federal Credit Union Charged-Off Account: Ongoing Balance Inflation**

17. The Report reflects a Teachers Federal Credit Union credit card account, partial account number 403695XXXXXX, opened August 17, 2021, closed March 2022, with a status of: "Account charged off. $9,969 written off. $9,969 past due as of Feb 2026."

18. The balance on this account is listed as $9,969, with a balance update date of February 25, 2026. The account has been closed since March 2022. The credit limit was $10,000, and the highest balance was $9,980. The account reflects 52 potentially negative months.

19. This account has been closed and in charge-off status since 2022. Despite that, Experian's report reflects a balance update as recently as February 25, 2026, and the ongoing monthly reporting of a charge-off status from 2022 through 2026. While the written-off

amount and the past-due amount happen to match in this instance, the continuous monthly updating of a balance on a closed, charged-off account that is no longer active and generating new legitimate charges reflects a failure by Experian to report this account accurately and in accordance with the FCRA's requirements.

20. The ongoing monthly charge-off reporting across 52 consecutive months, the most recent balance update in February 2026, and the account's closed status collectively create an inaccurate and misleading picture of the nature of this obligation in Plaintiff's consumer file.

**The GM Financial Active Dispute Notation**

21. The Report reflects an open GM Financial auto loan account, partial account number 111065XXXXXX, opened November 8, 2022, with an outstanding balance of $18,653. The account reflects 1 late payment in September 2025 (30 days past due).

22. The Report includes the comment: "Account previously in dispute - investigation complete, reported by data furnisher." This comment indicates that Plaintiff previously disputed information on the GM Financial account, that the investigation has been completed, and that the account was reported by the data furnisher following investigation.

23. Despite the investigation having been completed and the dispute resolution process having run its course, the Report continues to reflect the dispute-related notation in the Comments section of the GM Financial tradeline. The presence of this residual dispute notation on an active account whose investigation has been closed is misleading to prospective creditors and others who view Plaintiff's credit report and inaccurately suggests that this account remains the subject of an ongoing unresolved dispute.

**Experian's Incomplete Consumer File Disclosure**

24. The Report lists every tradeline with only a partial account number throughout. No complete account number appears for any tradeline in the Report, including the charged-off Barclays and Teachers Federal Credit Union accounts that are causing Plaintiff direct and ongoing credit harm.

25. Under 15 U.S.C. § 1681g(a)(1), Experian is required to clearly and accurately disclose to Plaintiff all information in Plaintiff's file at the time of the request. The operative standard is whether the disclosure is clear enough that the consumer can determine the accuracy of the information. See Alexander v. Equifax Info. Services, LLC, 2018 WL 3025939 (D. Nev. June 15, 2018). Experian's omission of complete account identifiers renders its disclosure unclear and impairs Plaintiff's ability to identify the accounts being reported, cross-reference them with Plaintiff's own records, and file meaningful and well-supported disputes.

26. A 2000 FTC advisory letter (Darcy, June 30, 2000) confirms that omitting full account data from a consumer file disclosure violates FCRA § 1681g(a). There is no lawful basis for Experian to provide third-party creditors with more complete account information than it provides to the consumer whose file it is disclosing.

**Harm to Plaintiff**

27. As a direct and proximate result of the inaccurate information in Plaintiff's Experian consumer file, Plaintiff's FICO Score 8 as of March 18, 2026 is 566. Experian's own report identifies the factors driving this score as: (a) serious delinquency on 2 accounts (the Barclays and Teachers Federal Credit Union charged-off accounts); (b) insufficient

accounts currently paid as agreed, with only 1 account being paid as agreed; (c) high credit usage; and (d) bad payment history across 4 accounts. The first three of these factors are directly tied to the inaccurate and misleading reporting described in this Complaint.

28. Experian has disseminated Plaintiff's consumer report containing the above-described inaccuracies to third parties, as established by the existence of prior inquiries associated with Plaintiff's file. The dissemination of an inaccurate consumer report to third parties constitutes concrete injury sufficient for Article III standing purposes. See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2208-09 (2021).

29. As a direct result of the inaccurate information being reported in Plaintiff's Experian file, Plaintiff has suffered concrete harm including: denial and limitation of credit opportunities; the inability to obtain financing on favorable terms due to a suppressed credit score; significant emotional distress, anxiety, and frustration; and loss of time and resources spent attempting to identify and remedy these inaccuracies.

**Willfulness**

30. Experian's violations of the FCRA described in this Complaint were willful. Experian is one of the largest consumer reporting agencies in the world. It has been the subject of substantial litigation, regulatory scrutiny, and enforcement action specifically addressing the categories of failure alleged here, including a January 2025 enforcement action brought by the Consumer Financial Protection Bureau addressing Experian's systemic failures to conduct reasonable reinvestigations, maintain accurate consumer files, and respond meaningfully to consumer disputes. Consumer Financial Protection Bureau v. Experian Information Solutions, Inc., Case No. 8:25-cv-00024 (C.D. Cal. 2025).

31. Despite this regulatory and litigation notice, Experian continued to maintain Plaintiff's file in the condition described above, including continuing to report an inflating balance on the Barclays charged-off account, continuing to update balances on closed charged-off accounts, and continuing to report residual dispute notations after investigation completion.

32. Under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), a willful violation of the FCRA includes not only knowing violations but also reckless disregard of the Act's requirements. Experian's conduct in light of regulatory notice and its extensive litigation history constitutes, at minimum, reckless disregard of its FCRA obligations, entitling Plaintiff to statutory and punitive damages under 15 U.S.C. § 1681n.

## CAUSES OF ACTION

### COUNT I

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**Violation of 15 U.S.C. § 1681e(b)**

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as if fully stated herein.

34. Section 1681e(b) of the FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

35. Experian violated 15 U.S.C. § 1681e(b) by preparing and furnishing consumer reports about Plaintiff that contained the following inaccurate information: (a) the Barclays Bank Delaware tradeline reporting a balance of $6,236 that exceeds the charged-off amount of $4,929 by $1,307, reflecting improper post-charge-off fee accrual and re-aging; (b) the Teachers Federal Credit Union tradeline continuing to report updated balances on a

closed charged-off account with no new activity; (c) residual dispute notation language on the GM Financial account after the investigation was completed and reported; and (d) truncated and incomplete account identifying information that prevents Plaintiff from verifying the accuracy of what is being reported.

36. Experian's failure to maintain reasonable procedures was the direct and proximate cause of inaccurate information being reported in Plaintiff's consumer file and disseminated to third parties.

37. As a result of Experian's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages including a substantially suppressed credit score, loss of credit opportunities, emotional distress, and the expenditure of time and resources attempting to identify and remedy these errors.

38. Plaintiff is entitled to:

 a. Statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Experian's willful noncompliance;

 b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) in an amount the Court deems appropriate;

 c. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) for Experian's negligent noncompliance, in the alternative;

 d. Costs of suit pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II

### Failure to Conduct a Reasonable Reinvestigation of Disputed Information
### Violation of 15 U.S.C. § 1681i(a)(1)(A)

39. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as if fully stated herein.

40. Section 1681i(a)(1)(A) of the FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file, within 30 days of receiving the dispute.

41. The Barclays Bank Delaware tradeline in Plaintiff's consumer file contains the comment: "Completed investigation of FCRA dispute - consumer disagrees." This notation is direct, on-face confirmation that Plaintiff previously disputed the Barclays account with Experian, that Experian processed and completed the reinvestigation, and that the dispute was not resolved to Plaintiff's satisfaction.

42. Despite having received and completed a reinvestigation of the Barclays account, Experian's reinvestigation failed to identify and correct the inaccurate balance that exceeds the written-off amount, or to take any action to address the re-aging and inflation of the balance on the closed charged-off account. A reasonable reinvestigation of the Barclays tradeline would have revealed the discrepancy between the $4,929 written-off amount and the $6,236 past-due amount being reported.

43. A reasonable reinvestigation requires more than transmitting an automated dispute code to the furnisher through the e-OSCAR platform and accepting the furnisher's response without further review. See Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997). Where, as here, the reinvestigation results in the consumer disagreeing with the outcome, and where the reported balance exceeds the stated written-off amount,

Experian's reliance on the furnisher's ACDV response alone does not satisfy the reasonable reinvestigation standard.

44. Experian's failure to conduct a reasonable reinvestigation of the Barclays tradeline was the direct and proximate cause of the continued reporting of inaccurate information and the resulting harm to Plaintiff described herein. Plaintiff is entitled to the same categories of relief set forth in Count I.

## COUNT III

### Failure to Delete Inaccurate, Incomplete, or Unverifiable Information
### Violation of 15 U.S.C. § 1681i(a)(5)(A)

45. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as if fully stated herein.

46. Section 1681i(a)(5)(A) of the FCRA provides that if, after reinvestigation, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item from the consumer's file or modify that item, as appropriate, based on the results of the reinvestigation.

47. The balance reported on the Barclays Bank Delaware account, $6,236, exceeds the stated written-off amount of $4,929 by $1,307. This excess amount is unverifiable because there is no legitimate basis under the FCRA for a charged-off, closed credit card account to continue accruing reportable balance increases years after charge-off. Despite completing a reinvestigation of this account as confirmed by the dispute notation in the Report, Experian failed to delete or modify the inaccurate balance figure or otherwise correct the re-aging issue.

- 12 -

48. Experian's failure to delete or modify the inaccurate balance information after completing its reinvestigation violates 15 U.S.C. § 1681i(a)(5)(A) and caused Plaintiff the damages described herein. Plaintiff is entitled to the same categories of relief set forth in Count I.

## COUNT IV

**Failure to Clearly and Accurately Disclose All Information in Plaintiff's Consumer File
Violation of 15 U.S.C. § 1681g(a)**

49. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as if fully stated herein.

50. Section 1681g(a)(1) of the FCRA provides that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

51. Experian's March 18, 2026 Report lists every tradeline with only a partial account number. No complete account number appears for any tradeline in the Report. This practice impairs Plaintiff's ability to determine the accuracy of the information being reported and to meaningfully exercise the dispute rights guaranteed by 15 U.S.C. § 1681i.

52. The operative question under a Section 1681g claim is whether the disclosure is unclear such that the consumer cannot determine the accuracy of the information in that disclosure. See Alexander v. Equifax Info. Services, LLC, 2018 WL 3025939 (D. Nev. June 15, 2018). Experian's omission of complete account identifiers renders its disclosure unclear as to every tradeline in Plaintiff's file.

53. Experian's failure to disclose complete account information in its consumer file disclosure to Plaintiff is particularly prejudicial with respect to the Barclays Bank Delaware and Teachers Federal Credit Union charged-off accounts, which are the primary sources of

credit damage in Plaintiff's file. Plaintiff cannot independently verify, research, or identify these accounts without full account numbers.

54. There is no lawful basis for Experian to provide third-party creditors and users with more complete account identifying information than it provides to the consumer whose own file it is disclosing. A 2000 FTC advisory letter (Darcy, June 30, 2000) confirms that omitting full account data from a consumer file disclosure violates 15 U.S.C. § 1681g(a). Experian's failure to provide Plaintiff with a clear and accurate disclosure of all information in Plaintiff's consumer file violated 15 U.S.C. § 1681g(a)(1) and caused Plaintiff the damages described herein. Plaintiff is entitled to the same categories of relief set forth in Count I.

## DAMAGES

55. As a direct and proximate result of Experian's violations of the FCRA described above, Plaintiff has suffered the following actual damages:

   a. Substantial damage to Plaintiff's credit score, including a FICO Score of 566 as of March 18, 2026, directly caused by Experian's inaccurate reporting of the Barclays and Teachers Federal Credit Union charged-off accounts;

   b. Loss of credit opportunities, including the inability to obtain credit, financing, or favorable interest rates available to consumers with accurate credit profiles;

   c. Emotional distress, anxiety, frustration, and mental anguish arising from the knowledge that inaccurate derogatory information is actively being reported about Plaintiff and the inability to obtain timely correction of that information;

d. Interruption of daily responsibilities and professional focus caused by the need to address these inaccuracies;

e. Loss of time and out-of-pocket resources expended in identifying, researching, and attempting to dispute the inaccuracies in Plaintiff's Experian consumer file;

f. Damage to Plaintiff's reputation as a creditworthy consumer in the credit marketplace.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kenny Verlus respectfully requests that this Court:

1. Enter judgment in Plaintiff's favor and against Defendant Experian Information Solutions, Inc. on all counts;

2. Award Plaintiff statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Experian's willful noncompliance with the FCRA;

3. Award Plaintiff actual damages pursuant to 15 U.S.C. § 1681o(a)(1) in an amount to be determined at trial;

4. Award Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) in such amount as the Court deems just and appropriate to deter Experian from continuing to engage in the conduct described herein;

5. Award Plaintiff the costs of this action pursuant to 15 U.S.C. § 1681n(a)(3);

6. Grant such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: ___3-19-26___

Respectfully submitted,

_____

**Kenny Verlus**
Kverlus@gmail.com
c/o ~~220 Washington Ridge Drive Roslindale MA 02131~~
1599 Washington St. Suite 2C
Braintree, MA