UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNY VERLUS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 26-cv-11347-ADB |
| EXPERIAN INFORMATION SOLUTIONS, INC., | * | |
| Defendant. | * | |

# MEMORANDUM AND ORDER

BURROUGHS, D.J.

Plaintiff Kenny Verlus ("Verlus" or "Plaintiff") filed his complaint against Experian Information Solutions, Inc. ("Experian" or "Defendant") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), alleging false reporting on Plaintiff's credit report. [ECF No. 1 ("Complaint" or "Compl.")]. Currently pending before the Court is Defendant's motion to dismiss, [ECF No. 12], which, for the following reasons, is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

The following facts are drawn from Plaintiff's Complaint. For purposes of this motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." Lawrence Gen. Hosp. v. Cont'l Cas.

Co., 90 F.4th 593, 598 (1st Cir. 2024) (quoting Lanza v. Fin. Indus. Regul. Auth., 953 F.3d 159, 162 (1st Cir. 2020)).

On March 18, 2026, Plaintiff obtained a copy of his Experian consumer credit report (the "Report"). [Compl. ¶ 9]. The Report reflected a FICO credit score of 566, and the account summary included one open account, four late accounts, and a total debt of $18,653. [Id. ¶¶ 9–10].

The first account at issue on the Report is a Barclays Bank Delaware credit card account (the "Barclays Account") opened January 27, 2018, and closed in July 2022. [Compl. ¶ 11]. As of March 1, 2026, it was listed as having a balance of $6,236, and a status of "[a]ccount charged off. $4,929 written off. $6,236 past due as of Mar 2026." [Id. ¶¶ 11–12]. The Report also includes a comment on the Barclays Account stating, "Completed investigation of FCRA dispute – consumer disagrees." [Id. ¶ 16]. Plaintiff alleges that either Experian or Barclays is reporting post-charge-off interest, fees, or other charges despite the Barclays Account being closed in July 2022. [Id. ¶ 13].

The second account at issue on the Report is a Teachers Federal Credit Union credit card account (the "TFCU Account") opened August 17, 2021, and closed in March 2022. [Compl. ¶ 17]. The Report lists the TFCU Account as having a balance of $9,969 as of February 25, 2026, and Plaintiff alleges that the account reflects 52 months of a negative balance. [Id. ¶¶ 18–19]. Plaintiff claims that the Report status for the TFCU Account states, "Account charged off. $9,969 written off. $9,969 past due as of Feb 2026." [Id. ¶ 17].

The third account at issue on the Report is a GM Financial auto loan account (the "GM Account") opened November 8, 2022, with an outstanding balance of $18,653. [Compl. ¶ 21]. The Report lists the GM Account as having one late payment in September 2025. [Id.]. The

Report includes a comment on the GM Account stating, "Account previously in dispute – investigation complete, reported by data furnisher." [Id. ¶ 22]. Plaintiff alleges that this comment inaccurately suggests that there remains an ongoing dispute concerning the GM Account, which is misleading to creditors. [Id. ¶ 23].

Additionally, Plaintiff alleges that the Report includes only partial account numbers throughout, which has caused him harm by impairing his ability to identify the accounts being reported. [Compl. ¶¶ 24–25]. Plaintiff also claims that the Report identifies the driving factors for his 566 credit score as serious delinquency on the Barclays Account and TFCU Account, insufficient accounts paid as agreed, high credit usage, and bad payment history across four accounts. [Id. ¶ 27].

**B. Procedural History**

Plaintiff filed his Complaint on March 19, 2026. [Compl.]. Defendant moved to dismiss on May 5, 2026. [ECF No. 12]. Plaintiff opposed the motion to dismiss on May 7, 2026. [ECF No. 15]. Defendant filed a reply in support of its motion to dismiss on May 12, 2026. [ECF No. 19]. On August 27, 2026, Plaintiff moved for leave to file a sur-reply in opposition to Defendant's motion to dismiss and attached a copy of his proposed sur-reply to the motion. [ECF No. 32]; [ECF No. 32-1]. On August 28, 2026, the Court granted Plaintiff leave to file the sur-reply.[1] [ECF No. 33].

Plaintiff brings four causes of action against Defendant under the FCRA, including: (1) failure to follow reasonable procedures to assure maximum possible accuracy in violation of 15

---

[1] Although Plaintiff did not subsequently file a separately docketed sur-reply after being granted leave to do so, given his pro se status, the Court will nonetheless consider his sur-reply.

U.S.C. § 1681e(b) (Count I); (2) failure to conduct a reasonable reinvestigation of disputed information in violation of 15 U.S.C. § 1681i(a)(1)(A) (Count II); (3) failure to delete inaccurate, incomplete or unverifiable information in violation of 15 U.S.C. § 1681i(a)(5)(A) (Count III); and (4) failure to clearly and accurately disclose all information in Plaintiff's consumer file in violation of 15 U.S.C. § 1681g(a) (Count IV). [Compl. ¶¶ 33–54].

## II. LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citation modified) (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679).

Further, a pro se complaint must be "liberally construed" by a court and, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by

lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520–21 (1972)). "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citing Eagle Eye Fishing Corp. v. U.S. Dep't of Com., 20 F.3d 503, 506 (1st Cir. 1994)).

## III. DISCUSSION

Defendant first argues that Plaintiff's Complaint is barred by the doctrine of res judicata because he previously filed another complaint against Experian regarding the same accounts, Verlus v. Experian Info. Sols., Inc., No. 23-cv-11426, 2025 WL 836588 (D. Mass. Mar. 17, 2025) ("Verlus I"), and that case was dismissed with prejudice, [ECF No. 16 at 10].

"Federal law principles of res judicata govern the preclusive effect of a prior federal court's judgment on a subsequent action brought in federal court." Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 582 (1st Cir. 1995) (citing In re El San Juan Hotel Corp., 841 F.2d 6, 9 (1st Cir. 1988)). This means that after a federal court issues a "final judgment on the merits," the parties are precluded from "relitigating claims that were raised or could have been raised in that action." Id. at 583.

The term res judicata "now comprises two distinct doctrines regarding the preclusive effect of prior litigation." Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 590 U.S. 405, 411 (2020). Issue preclusion "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." Id. "[C]laim preclusion (sometimes itself called res judicata) . . . prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." Id. at 412. When adjudicating a motion

to dismiss based on res judicata, the Court may consider the record in the earlier actions. See Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008). Defendant argues for claim preclusion, the three elements of which include: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Breneman v. U.S. ex rel. FAA, 381 F.3d 33, 38 (1st Cir. 2004).

Here, a final judgment on the merits was issued in Verlus I when another session of this Court granted the Verlus I defendants' motion to dismiss and dismissed the action with prejudice. See Verlus I. The Plaintiff here, Kenny Verlus, was also the plaintiff in Verlus I, and Experian was one of three defendants in Verlus I, so the parties here are "sufficiently identical or closely related," Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010), to those in Verlus I. Accordingly, if the claims that Plaintiff brings here amount to a relitigation of the claims that "were raised or could have been raised" in the 2025 action, the Complaint must be dismissed based on the doctrine of res judicata. Amertex, 48 F.3d at 583. The question is whether these claims arise from "a common nucleus [of fact] that is identifiable as a transaction or series of related transactions." Id. at 584.

"Although a set of facts may give rise to multiple counts based on different legal theories, if the facts form a common nucleus that is identifiable as a transaction or series of related transactions, then those facts represent one cause of action." Amertex, 48 F.3d at 583–84. "If the claims asserted in the subsequent action 'either were or could have been asserted in the initial action,' they are barred by res judicata.'" Hughes v. McMenamon, 379 F. Supp. 2d 75, 79 (D. Mass. 2005) (quoting Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994)).

Defendant claims that Plaintiff's entire Complaint is barred based on the doctrine of res judicata because it concerns essentially the same reporting for the same three accounts that Plaintiff challenged in Verlus I. [ECF No. 16 at 12]. In Verlus I, Plaintiff filed his original complaint on June 26, 2023, followed by his first amended complaint on September 14, 2023, and his second amended complaint on August 5, 2024. Verlus I, at *2. In the second amended complaint in Verlus I, Plaintiff brought claims under the FCRA, alleging that late payment remarks in the defendants' reports, discrepancies between the defendants' reports, the incorrect inclusion of multiple charge-off dates, and incorrect name and address descriptions violated sections 1681i and 1681e(b) of the statute. Verlus I, at *2. While these legal theories are slightly different than those complained of by Plaintiff in the instant action, as Defendant points out, the Experian credit report that Plaintiff attached to his second amended complaint in Verlus I includes the exact same commentary on the Barclays, TFCU, and GM Accounts that he now alleges violates the FCRA. Compare Second Amended Complaint Exhibit A at 10, 15, Verlus I, 2025 WL 836588 (No. 23-cv-11426), Dkt. No. 20-1, and Second Amended Complaint Exhibit G at 3, Verlus I, 2025 WL 836588 (No. 23-cv-11426), Dkt. No. 20-7, with [Compl. ¶¶ 9–23]. Because Plaintiff was clearly aware at that time of the reporting from Experian that he now contests, and could have asserted his current FCRA claims against Experian in Verlus I, those claims are now barred by res judicata. See Hughes, 379 F. Supp. 2d at 79. Further, Plaintiff's claim that Experian included only truncated account numbers on the Report could also have been brought in Verlus I because the Experian reports at issue there used truncated account numbers as well. See Second Amended Complaint Exhibit A, Verlus I, 2025 WL 836588 (No. 23-cv-11426).

In response, Plaintiff contends that his current claims have their own factual and legal bases, even though the same defendant and accounts are involved, and he argues that this case is about post-charge-off balance inflation, dispute notations, and account numbers, issues which he claims were not pled in Verlus I. [ECF No. 15 at 4]. Plaintiff also argues that the Barclays Account balance was updated on March 1, 2026, almost a year after Verlus I was dismissed on March 17, 2025, and that the TFCU Account was updated on February 26, 2026, so "[t]hese reporting acts . . . could not have been raised in Verlus I." [Id. at 5]. These arguments do not carry the day. First, although Plaintiff did not assert the exact same claims in Verlus I, as discussed above, his current claims are based on information that was clearly available to him when he filed his second amended complaint in Verlus I, as evidenced by the reports attached to that complaint which contained almost verbatim language to that on which he now relies to bring this action. He therefore could have easily brought his current claims against Defendant in that earlier litigation. Second, even though the Report he now bases his claims on has been "updated" to cover the period of time since he filed his second amended complaint in Verlus I, the language at issue remains the same, and Plaintiff has not set forth any convincing explanation as to why he could not have raised his current legal theories based on the Experian reports dated either September 28, 2023 or March 27, 2024, see Second Amended Complaint Exhibit A, Verlus I, 2025 WL 836588 (No. 23-cv-11426); Second Amended Complaint Exhibit G, Verlus I, 2025 WL 836588 (No. 23-cv-11426), both of which were attached to his second amended complaint in Verlus I. As Defendant explains, allowing Plaintiff to file a new complaint any

time a new credit report is generated would render res judicata meaningless and provide Plaintiff with unlimited bites at the apple.[2]

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, [ECF No. 12], is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED** with prejudice.

**SO ORDERED.**

November 10, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

[2] Because the Court finds that the doctrine of res judicata requires dismissal of Plaintiff's Complaint, the Court will not reach Defendant's other arguments concerning the merits of Plaintiff's claims and statute of limitations issues.